UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 3:19-CR-30
) REEVES/GUYTON
PAULO ALEXANDER MARTINEZ-RUBI )
)

**MEMORANDUM AND ORDER**

Defendant Paulo Alexander Martinez-Rubi has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [D. 31]. As follows, Mr. Martinez-Rubi's motion must be denied without prejudice at this time.

**I.  Background**

On August 15, 2019, this Court sentenced Mr. Martinez-Rubi to a term of imprisonment of 78 months for illegally reentering the United States as an alien previously deported subsequent to an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2). [D. 26].

On June 24, 2020, Mr. Martinez-Rubi, through counsel, petitioned this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing various medical conditions that may put him at particular risk should he contract the COVID-19 virus. [D. 31]. Mr. Martinez-Rubi stated that he had requested compassionate release through the Bureau of Prisons in early May of this year, but no response was provided from the warden

1

of his facility. However, counsel for Mr. Martinez-Rubi had been unable to secure a copy of the request.

The government responded in opposition, primarily arguing that the motion should be denied without prejudice due to Mr. Martinez-Rubi's failure to meet the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). [D. 36]. The government reported that, as of June 29, 2020, the Bureau of Prisons had not received a formal request for compassionate release from Mr. Martinez-Rubi. The government also challenged the merits of the motion.

On July 10, 2020, counsel for Mr. Martinez-Rubi filed a notice with the Court indicating that counsel was assisting Mr. Martinez-Rubi as he again requests compassionate release with the Bureau of Prisons in order to satisfy the statutory exhaustion requirements. [D. 37]. Mr. Martinez-Rubi requested that the Court delay its ruling on the matter and accept the filing of his reply to the government's response in thirty to forty-five days.

On July 15, 2020, the government responded in opposition to the requests, again asking the Court to dismiss the motion without prejudice in accordance with the Sixth Circuit's guidance from *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).

## II. Legal Standard

Once a district court has imposed a sentence, the court lacks "the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). One such statute is 18 U.S.C § 3582(c)(1)(A). Under § 3582(c)(1)(A), a court may modify a term of imprisonment where "extraordinary and

2

compelling reasons warrant [modification]." Originally, this kind of "compassionate release" motion could only be brought by the BOP and was "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, No. 02-CR-1144, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (citing S. Rep. 98-225, at 121 (1983)).

However, the First Step Act of 2018 amended § 3582(c)(1)(A) to allow defendants to file motions for compassionate release on their own behalf. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). The First Step Act modified § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." *Id.* (capitalization omitted). As a threshold matter, however, a defendant may only move for compassionate release "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). This exhaustion requirement is a mandatory claim-processing rule that must be enforced unless the rule is waived or forfeited by the government. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

When a defendant files an untimely motion for compassionate release, the Sixth Circuit has concluded that such motions should be dismissed without prejudice. *Alam*, 960 F.3d at 836 (citing *Hallstrom v. Tillamook County*, 493 U.S. 20, 33 (1989); *S.E. v. Grant*

3

*Cty. Bd. of Educ.*, 544 F.3d 633, 642–43 (6th Cir. 2008); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)). The Sixth Circuit explained that, "[i]f (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions." *Id.* Rather, it is "[b]etter to have [a defendant] refile with the benefit of whatever additional insight he may have gleaned." *Id.*

### III. Analysis

While Mr. Martinez-Rubi asserts that he has requested compassionate release from the Bureau of Prisons, he has been unable to furnish evidence of that request to counsel or the Court, and the Bureau of Prisons has no record of his request. It is Mr. Martinez-Rubi's "burden to show he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020) (citing *Ebbers*, 2020 WL 91399, at *4; *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). Currently, counsel for Mr. Martinez-Rubi is "making efforts to help Mr. Martinez-Rubi again request compassionate release and achieve exhaustion." [D. 37]. This presents a conundrum: Should the Court wait to rule on Mr. Martinez-Rubi's motion or dismiss it with leave to refile once his new Bureau of Prisons request satisfies the exhaustion requirement?

The Court concludes that it must dismiss the present motion without prejudice, rather than holding the matter in abeyance. "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 960 F.3d at 834 (6th Cir. 2020) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). Here, the government has repeatedly invoked the statutory exhaustion requirements. While Mr.

4

Martinez-Rubi is seeking to cure the defects in his motion, circumstances may change by the time exhaustion occurs. Rather than reviewing a stale motion, it is "[b]etter to have [Mr. Martinez-Rubi] refile with the benefit of whatever additional insight he may have gleaned." *Id.* at 836.

## IV. Conclusion

In light of the foregoing, Mr. Martinez-Rubi's motion for compassionate release [D. 31] is **DENIED** without prejudice to his ability to refile once the exhaustion requirements have been satisfied.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**